IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL FONSECA MARTINEZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. 25-cv-13672 |
| | ) Honorable Joan B. Gottschall |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, and BRISON SWEARINGEN, Sheriff of Clay County, Indiana, | ) |
| Respondents. | ) |

## AMENDED ORDER

Samuel Fonseca Martinez, a native and citizen of Mexico who has lived in the United States for more than twenty-five years, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his immigration-related detention, without an individualized bond hearing, by U.S. Immigration and Customs Enforcement ("ICE"). Pet. 1, Dkt. No. 1. Respondents filed a response on November 13, 2025. Dkt. No. 11.

Fonseca Martinez entered the United States without inspection in 2000. Pet. ¶ 2. He is the main source of financial support for his family of four, and his two children are U.S. citizens. Pet. ¶¶ 3–4. Fonseca Martinez reports one moving violation for which he completed supervision: 2011 charges of improper turning at an intersection and driving with an expired license. *See* Pet. ¶ 5. On November 6, 2025, Fonseca set out to go to the grocery store; he was arrested as he got into his car parked across the street from his home. *See* Pet. ¶ 8. Respondents have confirmed that he was housed at the ICE facility in Broadview, Illinois, when he filed his habeas petition. Status Report 1, Nov. 10, 2025, Dkt. No. 9.

A writ of habeas corpus is appropriate if the applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Fonseca Martinez contends that he is statutorily entitled to a bond hearing in accordance with 8 U.S.C. § 1226. Respondents counter that Fonseca Martinez is subject to mandatory detention under 8 U.S.C.

§ 1225. Respondents also argue that this court lacks subject matter jurisdiction under certain provisions of 8 U.S.C. § 1252, and that petitioner has not exhausted his administrative remedies. *See* Resp. to Pet. 2–3, Dkt. No. 12; *id.* Ex. A.

Identical legal arguments have been advanced by the government in dozens of habeas corpus cases in this judicial district over the past months. Every judge of this court who has had occasion to opine has rejected the government's legal position and granted habeas corpus relief, holding that the non-citizen detainee is entitled to a bond hearing under 8 U.S.C. § 1226(a). This court agrees with, and has adopted the reasoning of, its colleagues. *Bernal Ayon v. Olson*, No. 25-cv-13583, slip op. at 2 (N.D. Ill. Nov. 11, 2025) (collecting cases). Accordingly, this court determines in the case at bar that: (1) it has subject matter jurisdiction over this habeas corpus action; (2) petitioner need not exhaust administrative remedies because doing so would be futile; and (3) petitioner is detained under the authority of 8 U.S.C. § 1226(a) , not 8 U.S.C. § 1225(b)(2).

For the reasons stated, the petition for a writ of habeas corpus, Dkt. No. 1, filed by Samuel Fonseca Martinez, is granted. The court orders:

Within five days, on or before November 18, 2025, respondents must either: (1) provide petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, petitioner's continued detention; or (2) release petitioner from custody. A joint status report is due by noon on November 19, 2025. The joint status report must update the court on petitioner's release status, including whether and when a bond hearing was held, and inform the court of the reasons for the Immigration Judge's decision.

Date: November 14, 2025 /s/ Joan B. Gottschall
United States District Judge